IN THE CIRCUIT COURT FOR T BALTIMORE CITY

| | |
|---|---|
| MICHELLE MOORE<br>P.O. Box 1057<br>Owings Mills, MD 2117<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF MARYLAND<br>Brian E. Frosh, Attorney General<br>Office of the Attorney General<br>200 St. Paul Place<br>Baltimore MD 21202<br>    Defendants<br><br>And,<br><br>DEPARTMENT OF GENERAL SERVICES<br>Brian E. Frosh, Attorney General<br>Office of the Attorney General<br>200 St. Paul Place<br>Baltimore MD 21202<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Michelle Moore (hereinafter, "Plaintiff" or referenced by name), through undersigned counsel, brings this civil action against the Defendants State of Maryland and the Department of General Services, an agency of the State of Maryland, (hereinafter, named individually, or collectively as "Defendants" or "Maryland"), pursuant to the Rehabilitation Act (29 U.S.C.S. § 794 *et seq.*) and the Maryland Fair Employment Practices Act (Md. Code Ann., State Gov't § 20-606 and § 20-1001 *et seq.*). In support of her claims, Plaintiff Moore states as follows:

1

## INTRODUCTION

1. Plaintiff Moore brings this civil action against Maryland, her former employer, to remedy acts of unlawful employment discrimination practices based upon Maryland allowing Moore's immediate supervisor, Ms. Shirley Kennedy, Acting Director of the Capital Grants and Loans Division for the Department of General Services, to willfully violate the reasonable accommodation plan entered into between the Parties on May 18, 2020. Maryland further allowed Kennedy to retaliate against Moore because she had asserted her rights under the ADA and obtained this reasonable accommodation plan in the first place. As a direct result of these wrongful acts, Plaintiff suffered significant mental trauma and distress, which caused her to be unable to work for approximately four months.

## JURISDICTION & VENUE

2. This Court has subject matter jurisdiction over this civil action pursuant to Md. Code Ann., Courts and Judicial Proceedings, § 1-501.

3. Venue is proper under Md. Code Ann., Courts and Judicial Proceedings § 6-201, because Defendants conduct business in Baltimore City, Maryland, and the Department of General Services maintains its agency headquarters in Baltimore City, Maryland.

## PARTIES

4. Plaintiff Moore is a citizen of the state of Maryland. Plaintiff worked for the State of Maryland in its agency the Department of General Services.

5. At all relevant times, Defendant State of Maryland was the employer of Plaintiff.

6. At all relevant times, Defendant Department of General Services was also the employer of Plaintiff, as it is an agency of the State of Maryland with its headquarters in the O'Connor State Office Building located at 301 W. Preston Street, Baltimore, Maryland 21201.

7. Defendant Department of General Services, as well as the state of Maryland, receive, administer, and distribute substantial sums of federal monies each year, and did so during the relevant time frame of Plaintiff's allegations. As such, they are subject to the provisions of the Rehabilitation Act, to include its provisions which prohibit discrimination and other wrongful conduct towards qualified individuals with a disability.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted all required administrative remedies in relation to her claims under the Maryland Fair Employment Practices Act ("FEPA") by (1) filing Charge of Discrimination, Charge No. 12F-2021-00343 with the Maryland Commission on Civil Rights on February 11, 2021, which was cross-filed with the Equal Employment Opportunity Commission, (2) having received a Determination and Notice of Rights letter dated May 24, 2022, and (3) bringing her civil action within ninety (90) days of their receipt of her Notice of Right to Sue.

9. Plaintiff's claims under the FEPA are also permissible under the Maryland Tort Claims Act, Md. Code Ann., State Gov't § 12-106, pursuant to § 12-106 (c)(1) – (2), because the state of Maryland had actual knowledge of Plaintiff's injury and the causes thereof, on and after October 13, 2020, when Plaintiff filed a complaint alleging discrimination, harassment, and retaliation against Shirley Kennedy with the Office of the Statewide Equal Employment Opportunity Coordinator, whose office conducted an investigation into Plaintiff's allegations. Thereafter, Plaintiff continued to communicate and cooperate with various persons concerning the referenced investigation and her allegations and injury, as well as other persons within the Department of General Services (including, but not limited to an Assistant Attorney General assigned to the Department). The state of Maryland, through its state-wide Equal Employment Opportunity Coordinator, sent Plaintiff a disposition letter concerning her complaint while

3

Plaintiff's charge over the same allegations and injury was also pending before the Maryland Civil Rights Commission (and also with the Equal Employment Opportunity Commission).

## STATEMENT OF FACTS

10. Plaintiff Moore incorporates by reference as if herein written verbatim, all of the allegations contained in paragraphs 1 – 9, *supra*.

11. Plaintiff Moore worked as a Grant Administrator (Level III) for the Capital Grants Division of the Department of General Services.. The essential functions of this job entailed Grant Administration, Community Outreach, and other Administrative Duties. Not included in the job description for being a Grant Administrator (Level III) was the requirement to draft grant agreements.

12. On or about January 27, 2020, after informally raising the issue of her need for accommodations in December 2019, Plaintiff Moore submitted, on a form provided by Maryland, a "Request for a Reasonable Accommodation" and attached to this form a letter from her health care provider who diagnosed Plaintiff Moore with three mental health conditions/impairments.

13. The mental health impairments for which Plaintiff Moore requested reasonable accommodations constituted a disability under the Rehabilitation Act and the FEPA, because they substantially impaired Plaintiff's major life activities, including but not limited to the major life activities of thinking and concentration. Of the nine (9) requests for accommodation made by Plaintiff Moore's health care provider, number five (5) read. "Removal of marginal tasks."

14. In response to Plaintiff Moore's Request for a Reasonable Accommodation, on May 19, 2020, by letter from Tonya Sturdivant, the Human Resources Director and ADA Coordinator for the Department of General Services, the nine requests from her health care

provider were addressed and for the most part agreed upon. More specifically, through this letter, Maryland agreed to the "Removal of marginal tasks" from Plaintiff's job duties (the "ADA Accommodation Agreement").

15. Based upon these reasonable accommodations, Ms. Moore was able to successfully perform the essential functions of her job as a Grant Administrator, level III.

16. Per this May 19, 2020, ADA Accommodation Agreement, Maryland removed the marginal task of writing grant agreements from Plaintiff Moore's duties.

17. More specifically, Maryland assigned all grant writing duties to Attorney Turhan Robinson, another member of the Capital Grants Division of the Department of General Services.

18. Attorney Robinson, who had been admitted to practice law in Maryland since 1995, was the logical choice to handle the drafting of grant agreements, as Plaintiff Moore has never been to law school, nor has she ever held herself out as a member of the Maryland bar.

19. Drafting grant agreements was not part of Plaintiff's original job description and it was not an essential function of her position. Being forced to perform such duties placed significant and at times, overwhelming stress and anxiety upon her because she was being asked to draft contractual agreements involving dollar amounts ranging from thousands to millions of dollars. Moreover, the volume of work that Ms. Moore could handle became overwhelming when she had to try and juggle the completion of the essential functions of her position with the added duties of drafting grant agreements. Plaintiff Moore was ill-equipped to take on this specific duty, and being forced to do so, while trying to balance the essential functions of her position, caused her significant stress and anxiety which at times, because overwhelming and disabling.

20. Despite Maryland having entered into the ADA Accommodation Agreement in May 2020, Plaintiff Moore's immediate manager, Ms. Shirley Kennedy, knowingly and

deliberately violated the terms of the ADA Accommodation Agreement and over Plaintiff Moore's objections to Ms. Kennedy and others, repeatedly continued to require her to write grant agreements.

21. At the time this occurred, Ms. Kennedy was aware of Ms. Moore's mental impairments, and she was also aware of the terms and requirements of the ADA Accommodation Agreement. Despite this, Ms. Kennedy willfully violated the terms of the Agreement and the protections afforded to Plaintiff Moore under the applicable disability laws. In so doing, Maryland, through the actions of its management official Kennedy, caused Ms. Moore significant and overwhelming emotional trauma and distress, which further exacerbated her mental health impairments and directly harmed her ability to continue working. Eventually, Plaintiff Moore had to take unpaid leave under the Family and Medical Leave Act, in order to address the emotional trauma and distress caused to her by Kennedy's wrongful, deliberate conduct. While Ms. Moore took this unpaid leave, she used a significant amount of annual, accrued (paid) leave to provide her with compensation while she was out of work. In so doing, she was forced to use a valuable work benefit for which she was never compensated by Maryland, once she was able to return to work.

22. Prior to submitting her initial request for an accommodations under the ADA, Ms. Moore had always received a satisfactory performance evaluation from Ms. Kennedy. After submission of this request for reasonable accommodations, of which Ms. Kennedy was fully aware, Kennedy found Plaintiff Moore deficient in several areas of her performance. Ms. Kennedy's asserted justifications for giving Plaintiff Moore these negative ratings were false, and as such, they were a pretext for Kennedy's motive to retaliate against Plaintiff Moore because

6

Moore had asserted her rights and requested reasonable accommodations, which is protected activity under the Rehabilitation Act and the FEPA. .

23. Moreover, after Plaintiff Moore requested reasonable accommodations, Ms. Kennedy threatened to demote her if she could not draft grant agreements. During one telephone conversation, Kennedy told Moore that if her (i.e., Moore's) job was so stressful, that she (Moore) should look for another position. Kennedy made this harassing and demeaning comment to Plaintiff Moore after Kennedy referenced Moore's disability during their discussion.

24. Additionally, after Plaintiff Moore requested reasonable accommodations, Ms. Kennedy was disrespectful and rude towards her during meetings and on phone conferences. Kennedy further stated at one point that she did not want Plaintiff Moore to represent the State of Maryland at official events, and she falsely accused Ms. Moore of being condescending when speaking to other staff members.

25. Upon information and belief, Kennedy did not treat other employees who had not requested reasonable accommodations for a disability in a similar manner; rather, she treated such employees more favorably than she treated Plaintiff Moore. Indeed, when asked by Plaintiff Moore to explain the low scores at issue, one of the things Ms. Kennedy pointed to was Ms. Moore's complaints to Human Resources. This admission by Kennedy demonstrates that she was angry with Plaintiff Moore for exercising her rights under the applicable disability laws, and thereafter, that she retaliated against her by giving her unjustified, poor ratings on her evaluation; by deliberately violating the terms of the ADA Accommodation Agreement; and, as explained above, by treating Ms. Moore in a hostile manner on numerous occasions, to include anger that Moore had exercised her rights by going to Human Resources.

## COUNT I
## Violation of the Rehabilitation Act –
## Failure to Provide a Reasonable Accommodation
## (29 U.S.C.S. § 704 *et seq.*)

26. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 25, *supra*.

27. As explained above, through the actions of Shirley Kennedy, Acting Director of the Capital Grants and Loans Division for the Department of General Services, Defendant Maryland violated the ADA Accommodation Agreement of May 2020, by willfully and repeatedly breaching its terms and thus violating Plaintiff Moore's rights under the ADA.

28. Plaintiff Moore had requested, and received this Accommodation Agreement because she had mental health conditions which substantially limited her major life activities, including but not limited to those of thinking and concentration. Moreover, the accommodations that Plaintiff Moore requested of Maryland, to include removal of the marginal duties from her job (which included removal of the responsibility to write grant agreements), enabled Plaintiff to successfully perform the essential functions of her position.

29. As a result, Plaintiff Moore was a qualified individual with a disability under the provisions of the Rehabilitation Act.

30. As explained above, on multiple occasions after the ADA Accommodation Agreement was reached, Ms. Kennedy knowingly and deliberately violated the terms thereof and required Plaintiff Moore to continue to draft grant agreements. In so doing, Kennedy denied Plaintiff the reasonable accommodations that she was entitled to receive, which were documented through the ADA Accommodation Agreement.

31. By engaging in this conduct, Kennedy violated Plaintiff Moore's rights under the provisions of the Rehabilitation Act. Defendants Department of General Services and the State of Maryland are liable for Kennedy's wrongful and illegal conduct because she was acting within the scope of her employment while she engaged in such conduct.

32. As a result of this unlawful conduct, Plaintiff Moore suffered loss of the economic value of the accrued (paid) leave which she was forced to use while she took leave with otherwise would have been unpaid leave under the Family and Medical Leave Act. Plaintiff is entitled to an award of backpay in relation to this economic loss, as well as an award for the value of any other employment benefits which she lost as a result of the aforementioned, wrongful and illegal conduct. Plaintiff Moore is also entitled to an award of her reasonable attorneys' fees and costs in relation to Count I.

**COUNT II**
**Violation of the Rehabilitation Act –**
**Harassment**
**(29 U.S.C.S. § 704 *et seq*.)**

33. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 32, *supra*.

34. As explained above, Plaintiff Moore had requested, and received this Accommodation Agreement because she had mental health conditions which substantially limited her major life activities, including but not limited to those of thinking and concentration. Moreover, the accommodations that Plaintiff Moore requested of Maryland, to include removal of the marginal duties from her job (which included removal of the responsibility to write grant agreements), enabled Plaintiff to successfully perform the essential functions of her position.

35. As a result, Plaintiff Moore was a qualified individual with a disability under the provisions of the Rehabilitation Act.

36. As explained above, on multiple occasions after the ADA Accommodation Agreement was reached, Ms. Kennedy knowingly and deliberately violated the terms thereof and required Plaintiff Moore to continue to draft grant agreements. Moreover, after Plaintiff Moore first requested reasonable accommodations, Kennedy found Plaintiff Moore deficient in several areas of her performance on her performance evaluation, even though her prior ratings of Plaintiff (i.e., before Plaintiff requested reasonable accommodations) were sully satisfactory. Ms. Kennedy's asserted justifications for giving Plaintiff Moore these negative ratings were false, and as such, they were a pretext for Kennedy's motive to harass and retaliate against Plaintiff Moore because Moore had asserted her rights and requested reasonable accommodations, which is protected activity under the Rehabilitation Act.

37. Moreover, after Plaintiff Moore requested reasonable accommodations, Ms. Kennedy threatened to demote her if she could not draft grant agreements. During one telephone conversation, Kennedy told Moore that if her (i.e., Moore's) job was so stressful, that she (Moore) should look for another position. Kennedy made this harassing and demeaning comment to Plaintiff Moore after Kennedy referenced Moore's disability during their discussion.

38. Additionally, after Plaintiff Moore requested reasonable accommodations, Ms. Kennedy was disrespectful and rude towards her during meetings and on phone conferences. Kennedy further stated at one point that she did not want Plaintiff Moore to represent the State of Maryland at official events, and she falsely accused Ms. Moore of being condescending when speaking to other staff members.

39. Upon information and belief, Kennedy did not treat other employees who did not have mental health disabilities in a similar manner; rather, she treated such employees more favorably than she treated Plaintiff Moore. Indeed, when asked by Plaintiff Moore to explain the low scores at issue, one of the things Ms. Kennedy pointed to was Ms. Moore's complaints to Human Resources. This admission by Kennedy demonstrates that she was harassing Plaintiff Moore because of her disabilities, and also because she was angry with Plaintiff Moore for exercising her rights under the applicable disability laws, and thereafter, that she harassed her and retaliated against her by giving her unjustified, poor ratings on her evaluation; by deliberately violating the terms of the ADA Accommodation Agreement; and, as explained above, by treating Ms. Moore in a hostile manner on numerous occasions, to include anger that Moore had exercised her rights by going to Human Resources.

40. This conduct by Ms. Kennedy constituted illegal harassment of Plaintiff Moore because of Ms. Moore's mental health disabilities. It was severe and pervasive, and it significantly altered and the working environment, and Ms. Moore's ability to perform the essential functions of her position.

41. By engaging in this conduct, Kennedy violated Plaintiff Moore's rights under the provisions of the Rehabilitation Act. Defendants Department of General Services and the State of Maryland are liable for Kennedy's wrongful and illegal conduct because she was acting within the scope of her employment while she engaged in such conduct.

42. As a result of this unlawful conduct, Plaintiff Moore suffered loss of the economic value of the accrued sick, personal, and annual leave (i.e., paid leave) which she was forced to use while she took leave with otherwise would have been unpaid leave under the Family and Medical

11

Leave Act. Plaintiff is entitled to an award of backpay in relation to this economic loss, as well as an award for the value of any other employment benefits which she lost as a result of the aforementioned, wrongful and illegal conduct. Plaintiff Moore is also entitled to an award of her reasonable attorneys' fees and costs in relation to Count II.

**COUNT III**
**Violation of the Rehabilitation Act –**
**Retaliation**
**(29 U.S.C.S. § 704 *et seq.*)**

43. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 42, *supra*.

44. As explained above, in and after January 2020, Plaintiff Moore, a qualified individual with a disability, requested reasonable accommodations to enable her to perform the essential functions of her job.

45. The reasonable accommodations which Plaintiff Moore requested, to include removal of the marginal duties of her position, enabled her to successfully perform the essential functions of her position.

46. Plaintiff Moore's request for reasonable accommodations, which culminated in the ADA Accommodation Agreement, were protected activity under the Rehabilitation Act.

47. As explained above, Shirley Kennedy, Acting Director of the Capital Grants and Loans Division with the Department of General Services, on numerous occasions, knowingly, deliberately, and repeatedly violated the terms of the ADA Accommodation Agreement and Plaintiff Moore's rights under the Rehabilitation Act. Kennedy engaged in this wrongful, illegal conduct to retaliate against and punish Plaintiff Moore because Moore exercised her rights and requested (and received) reasonable accommodations under the ADA.

48. This conduct, as well as the other instances of harassing, threatening, and wrongful conduct by Kennedy, which is described above, constituted retaliation in violation of the Rehabilitation Act.

49. Kennedy engaged in this wrongful, retaliatory conduct towards Plaintiff Moore because of personal ill will, malice, and spite, to include because Ms. Moore had exercised her rights under the ADA.

50. As a result of this wrongful conduct, Plaintiff Moore has suffered loss of the economic value of the accrued sick, personal, and annual leave (i.e., paid leave) which she was forced to use while she took leave with otherwise would have been unpaid leave under the Family and Medical Leave Act. Plaintiff is entitled to an award of backpay in relation to this economic loss, as well as an award for the value of any other employment benefits which she lost as a result of the aforementioned, wrongful and illegal conduct. Plaintiff Moore is also entitled to an award of her reasonable attorneys' fees and costs in relation to Count III.

### COUNT IV
### Violation of the Maryland Fair Employment Practices Act –
### Failure to Provide a Reasonable Accommodation
### (Md. Code Ann., State Gov't § 20-606 and § 20-1001 *et seq.*)

51. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 50, *supra*.

52. As explained above, through the actions of Shirley Kennedy, Acting Director of the Capital Grants and Loans Division for the Department of General Services, Defendant Maryland violated the ADA Accommodation Agreement of May 2020, by willfully and repeatedly breaching its terms and thus violating Plaintiff Moore's rights under the ADA.

53. Plaintiff Moore had requested, and received this Accommodation Agreement because she had mental health conditions which substantially limited her major life activities, including but not limited to those of thinking and concentration. Moreover, the accommodations that Plaintiff Moore requested of Maryland, to include removal of the marginal duties from her job (which included removal of the responsibility to write grant agreements), enabled Plaintiff to successfully perform the essential functions of her position.

54. As a result, Plaintiff Moore was a qualified individual with a disability under the provisions of the Maryland FEPA.

55. As explained above, on multiple occasions after the ADA Accommodation Agreement was reached, Ms. Kennedy knowingly and deliberately violated the terms thereof and required Plaintiff Moore to continue to draft grant agreements. In so doing, Kennedy denied Plaintiff the reasonable accommodations that she was entitled to receive, which were documented through the ADA Accommodation Agreement.

56. By engaging in this conduct, Kennedy violated Plaintiff Moore's rights under the provisions of the Maryland FEPA. Defendants Department of General Services and the State of Maryland are liable for Kennedy's wrongful and illegal conduct because she was acting within the scope of her employment while she engaged in such conduct.

57. As a result of this unlawful conduct, Plaintiff Moore suffered loss of the economic value of the accrued sick, personal, and annual leave (i.e., paid leave) which she was forced to use while she took leave with otherwise would have been unpaid leave under the Family and Medical Leave Act. Plaintiff is entitled to an award of backpay in relation to this economic loss, as well as an award for the value of any other employment benefits which she lost as a result of the

aforementioned, wrongful and illegal conduct. Plaintiff Moore also suffered significant emotional trauma and distress, as well as loss of enjoyment of life, for which she should be awarded compensatory damages in an amount to be determined at trial. Plaintiff Moore is also entitled to an award of her reasonable attorneys' fees and costs in relation to Count IV.

## COUNT V
## Violation of the Maryland Fair Employment Practices Act – Harassment
## (Md. Code Ann., State Gov't § 20-606 and § 20-1001 *et seq.*)

58. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 57, *supra.*

59. As explained above, Plaintiff Moore had requested, and received this Accommodation Agreement because she had mental health conditions which substantially limited her major life activities, including but not limited to those of thinking and concentration. Moreover, the accommodations that Plaintiff Moore requested of Maryland, to include removal of the marginal duties from her job (which included removal of the responsibility to write grant agreements), enabled Plaintiff to successfully perform the essential functions of her position.

60. As a result, Plaintiff Moore was a qualified individual with a disability under the provisions of the Maryland FEPA.

61. As explained above, on multiple occasions after the ADA Accommodation Agreement was reached, Ms. Kennedy knowingly and deliberately violated the terms thereof and required Plaintiff Moore to continue to draft grant agreements. Moreover, after Plaintiff Moore first requested reasonable accommodations, Kennedy found Plaintiff Moore deficient in several areas of her performance on her performance evaluation, even though her prior ratings of Plaintiff (i.e., before Plaintiff requested reasonable accommodations) were sully satisfactory. Ms.

Kennedy's asserted justifications for giving Plaintiff Moore these negative ratings were false, and as such, they were a pretext for Kennedy's motive to harass and retaliate against Plaintiff Moore because Moore had asserted her rights and requested reasonable accommodations, which is protected activity under the Rehabilitation Act.

62. Moreover, after Plaintiff Moore requested reasonable accommodations, Ms. Kennedy threatened to demote her if she could not draft grant agreements. During one telephone conversation, Kennedy told Moore that if her (i.e., Moore's) job was so stressful, that she (Moore) should look for another position. Kennedy made this harassing and demeaning comment to Plaintiff Moore after Kennedy referenced Moore's disability during their discussion.

63. Additionally, after Plaintiff Moore requested reasonable accommodations, Ms. Kennedy was disrespectful and rude towards her during meetings and on phone conferences. Kennedy further stated at one point that she did not want Plaintiff Moore to represent the State of Maryland at official events, and she falsely accused Ms. Moore of being condescending when speaking to other staff members.

64. Upon information and belief, Kennedy did not treat other employees who did not have mental health disabilities in a similar manner; rather, she treated such employees more favorably than she treated Plaintiff Moore. Indeed, when asked by Plaintiff Moore to explain the low scores at issue, one of the things Ms. Kennedy pointed to was Ms. Moore's complaints to Human Resources. This admission by Kennedy demonstrates that she was harassing Plaintiff Moore because of her disabilities, and also because she was angry with Plaintiff Moore for exercising her rights under the applicable disability laws, and thereafter, that she harassed her and retaliated against her by giving her unjustified, poor ratings on her evaluation; by deliberately

violating the terms of the ADA Accommodation Agreement; and, as explained above, by treating Ms. Moore in a hostile manner on numerous occasions, to include anger that Moore had exercised her rights by going to Human Resources.

65. This conduct by Ms. Kennedy constituted illegal harassment of Plaintiff Moore because of Ms. Moore's mental health disabilities. Kennedy's harassment created a hostile work environment for Plaintiff Moore; it was severe and pervasive; and it significantly altered and the working environment, and Ms. Moore's ability to perform the essential functions of her position.

66. By engaging in this conduct, Kennedy violated Plaintiff Moore's rights under the provisions of the Maryland FEPA. Defendants Department of General Services and the State of Maryland are liable for Kennedy's wrongful and illegal conduct because she was acting within the scope of her employment while she engaged in such conduct.

67. As a result of this unlawful conduct, Plaintiff Moore suffered loss of the economic value of the accrued sick, personal, and annual leave (i.e., paid leave) which she was forced to use while she took leave with otherwise would have been unpaid leave under the Family and Medical Leave Act. Plaintiff is entitled to an award of backpay in relation to this economic loss, as well as an award for the value of any other employment benefits which she lost as a result of the aforementioned, wrongful and illegal conduct. Plaintiff Moore also suffered significant emotional trauma and distress, as well as loss of enjoyment of life, for which she should be awarded compensatory damages in an amount to be determined at trial. Plaintiff Moore is also entitled to an award of her reasonable attorneys' fees and costs in relation to Count V.

## COUNT VI
### Maryland Fair Employment Practices Act – Retaliation
(Md. Code Ann., State Gov't § 20-606 and § 20-1001 *et seq.*)

68. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 67, *supra*.

69. As explained above, in and after January 2020, Plaintiff Moore, a qualified individual with a disability, requested reasonable accommodations to enable her to perform the essential functions of her job.

70. The reasonable accommodations which Plaintiff Moore requested, to include removal of the marginal duties of her position, enabled her to successfully perform the essential functions of her position.

71. Plaintiff Moore's request for reasonable accommodations, which culminated in the ADA Accommodation Agreement, were protected activity under the Rehabilitation Act.

72. As explained above, Shirley Kennedy, Acting Director of the Capital Grants and Loans Division with the Department of General Services, on numerous occasions, knowingly, deliberately, and repeatedly violated the terms of the ADA Accommodation Agreement and Plaintiff Moore's rights under the Maryland FEPA. Kennedy engaged in this wrongful, illegal conduct to retaliate against and punish Plaintiff Moore because Moore exercised her rights and requested (and received) reasonable accommodations under the ADA.

73. This conduct, as well as the other instances of harassing, threatening, and wrongful conduct by Kennedy, which is described above, constituted retaliation in violation of the MD FEPA.

74. As a result of this wrongful conduct, Plaintiff Moore has suffered loss of the economic value of the accrued sick, personal, and annual leave (i.e., paid leave) which she was forced to use while she took leave with otherwise would have been unpaid leave under the Family and Medical Leave Act. Plaintiff is entitled to an award of backpay in relation to this economic loss, as well as an award for the value of any other employment benefits which she lost as a result of the aforementioned, wrongful and illegal conduct. Plaintiff Moore also suffered significant emotional trauma and distress, as well as loss of enjoyment of life, for which she should be awarded compensatory damages in an amount to be determined at trial. Plaintiff Moore is also entitled to an award of her reasonable attorneys' fees and costs in relation to Count VI.

## PRAYER FOR RELIEF

WHEREFORE, as a result of Defendants' wrongful conduct, Plaintiff Michelle Moore requests that this Honorable Court enter judgment against Defendants and award damages and order equitable relief as follows:

A. Award compensatory to Plaintiff in an amount to be determined at trial, in excess of $75,000.00;

B. Award Plaintiff Moore backpay for the economic value of the accrued forms of paid leave which she had to use while on otherwise unpaid leave status, and the economic value of any other benefits which she lost as a result of the wrongful conduct described above;

C. Award Plaintiff her reasonable attorneys' fees and costs for bringing her initial Charge and for bringing this action, pre-and post-judgment interest, and any other relief which this Court deems to be fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff Michelle Moore respectfully demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ John B. Flood*

John B. Flood, CPF # 0506100001
Michael G. Raimondi CPF# 8205010259
Flood Marcavage Law LLC
1 Research Court, Suite 450
Rockville, MD 20850
Phone:(240) 403-2619
john@fmlaw.org
mraimondi@fmlaw.org
*Counsel for Plaintiff*